IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ADAM KATZENSTEIN, | |
| Plaintiff | CIVIL ACTION |
| v. | NO. 1:10-CV-3552-TWT-RGV |
| NATIONAL CITY MORTGAGE, et al., | |
| Defendants. | |

**ORDER FOR SERVICE OF FINAL REPORT AND RECOMMENDATION**

Attached is the Final Report and Recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), and this Court's Local Rule 72.  Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party.  The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court.  If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the district court and any appellate review of

factual findings will be limited to a plain error review.  United States v. Slay, 714 F.2d 1093 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Report, and Recommendation with objections, if any, to the district court after expiration of the above time period.

**IT IS SO ORDERED**, this 23rd day of November, 2010.

_____
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ADAM KATZENSTEIN,<br><br>    Plaintiff<br><br>v.<br><br>NATIONAL CITY MORTGAGE, et al.,<br><br>    Defendants. | CIVIL ACTION<br><br>NO. 1:10-CV-3552-TWT-RGV |

## **MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

On November 2, 2010, the Court denied plaintiff's request to file this civil action without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a) because plaintiff failed to substantiate that he could not afford to pay the fees associated with his lawsuit. [Doc. 2]. Specifically, plaintiff reported in his affidavit that he is self-employed and made a monthly salary or wage of $3,900.00 in the past 12 months and expects to make the same within the next month, owns a residence with a value of $160,000.00, has $1,200.00 in cash, and has monthly bills which total only $3,280.00. [Doc. 1]. While plaintiff has significant monthly expenses, they do not exceed the monthly income he receives. Visconti v. Astrue, No. 3:08-cv-430-J-33MCR, 2008 WL 2385517, at *1 (M.D. Fla. June 9, 2008), adopted at *1. Therefore, the Court found that plaintiff had sufficient funds to pay the fees and costs of this action and still provide for the necessities of life, and denied his *in forma pauperis* request. [Doc. 2 at 2 (citing Countrywide Home Loans, Inc. v. Arazo, No. 8:10-CV-0412-T-30EAJ, 2010 WL

962948, at *1 (M.D. Fla. Feb. 23, 2010))]. The Court directed plaintiff to pay the filing fee for this action within fourteen days of the Order. [Id.]. Plaintiff was warned that failure to comply could result in dismissal of this action. [Id.]. The Clerk's Certificate of Mailing reflects that a copy of the November 2 Order was mailed to plaintiff on the following day. See [Docket Entry dated 11/03/2010]. More than fourteen days have elapsed since the Order was mailed to plaintiff, and the record reflects that he has failed to pay the filing fee as directed, and he has not sought review of the Court's Order.[1]

"Pursuant to Fed.R.Civ.P. 41(b), a district court may *sua sponte* dismiss a plaintiff's action for failure to comply with the rules or any order of the court." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 Fed. App. 654, 656 (11th Cir. 2009) (per curiam) (unpublished) (citing Lopez v. Aransas Cnty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir.1978)[2]). "The Supreme Court also has held that '[t]he authority of a court to dismiss

---

[1] While the Eleventh Circuit "has indicated that a magistrate judge's denial of pauper status is a non-dispositive ruling and, accordingly, reviewed only for abuse of discretion," Redford v. Planchard, No. 1:09-mi-0199, 2009 WL 3158175, at *1 (N.D. Ga. Sept. 25, 2009) (citing In Re Arnold v. Mortg. Elect. Reg. Sys., Inc., 166 Fed. App. 424, 425 (11th Cir. 2006) (per curiam) (unpublished) (citation omitted)), other circuits have ruled that a magistrate judge's denial of pauper status is a dispositive ruling and, therefore, must be reviewed *de novo*, id. at *1 n.1; see also Woods v. Dahlberg, 894 F.2d 187, 188 (6th Cir. 1990) (per curiam); Tripati v. Rison, 847 F.2d 548, 549 (9th Cir. 1988); Lister v. Dep't of Treasury, 408 F.3d 1309, 1311-12 (10th Cir. 2005).

[2] Decisions of the Fifth Circuit rendered before October 1, 1981, are binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209

*sua sponte* for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . .'" Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)) (internal marks omitted) (alteration in original). Additionally, Local Rule 41.3A(2) provides in pertinent part that "[t]he court may, with or without notice to the parties, dismiss a civil case [with prejudice] for want of prosecution if . . . [a] plaintiff . . . shall, after notice, . . . fail or refuse to obey a lawful order of the court in the case." LR 41.3A(2), NDGa.

Dismissal is appropriate in this case because plaintiff has failed to obey a lawful order of the Court, and by doing so, has prevented the case from moving forward. Thus, plaintiff's case is subject to dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Local Rule 41.3A(2), and the Court's inherent power, due to his failure to obey the Court's November 2, 2010, Order. See Fed. R. Civ. P. 41(b); LR 41.3A(2), NDGa. See also Betty K Agencies, Ltd., 432 F.3d at 1337; Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374-75 (11th Cir. 1999) (per curiam); Owens, 331 Fed. App. at 656. Although a dismissal pursuant to Rule 41(b) or Local Rule 41.3A(2) operates as an adjudication upon the merits unless otherwise noted by the Court, the

---

(11th Cir. 1981) (en banc).

Eleventh Circuit has held that a district court should "dismiss a case for want of prosecution *with prejudice* only when faced with 'a clear record of delay or contumacious conduct by the plaintiff.'" Eades v. Ala. Dep't of Human Res., 298 Fed. App. 862, 863-64 (11th Cir. 2008) (per curiam) (unpublished) (quoting McKelvey v. AT&T Techs., Inc., 789 F.2d 1518, 1520 (11th Cir. 1986) (per curiam)) (emphasis added). "Moreover, such dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." Id. (internal marks and citation omitted). "A finding of such extreme circumstances necessary to support the sanction of dismissal [with prejudice] must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." Id. (internal marks and citations omitted).

Here, although plaintiff has failed to comply with this Court's Order, and has therefore failed to move forward with the prosecution of his case or to take any other action, the Court finds that dismissal without prejudice is an appropriate sanction as the Court is not convinced that plaintiff's dilatory conduct is contumacious. Eades, 298 Fed. App. at 863-64. Therefore, dismissal with prejudice would be too drastic of a sanction at this time. See Cook v. Mobile Cnty. Metro Jail, Civil Action No. 07-0528-KD-C, 2007 WL 2973241, at *1 (S.D. Ala. Oct. 9, 2007), adopted at *1. Accordingly, it is hereby **RECOMMENDED** that this action be **DISMISSED**

**WITHOUT PREJUDICE** for plaintiff's failure to obey the Court's November 2, 2010, Order. See LR 41.3A(2), NDGa; Fed. R. Civ. P. 41(b).

The Clerk is **DIRECTED** to terminate the referral to the undersigned.

**IT IS SO RECOMMENDED**, this 23rd day of November, 2010.

_/s/ Russell G. Vineyard_
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE